IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| GUADALUPE RODRIGUEZ, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:16-CV-1700-B |
| | § | 3:06-CR-234-B (01) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

In 2006, Guadalupe Rodriguez pleaded guilty to possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and to possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). In 2007, the Court sentenced Rodriguez to 387 months in prison and five years of supervised release. Rodriguez appealed, but his appeal was dismissed as frivolous on September 11, 2008. He did not petition the Supreme Court for a writ of certiorari.

Eight years later, Rodriguez filed a motion to modify his sentence under 18 U.S.C. § 3582(c), arguing that he was entitled to resentencing in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court advised him that, in light of the relief that he sought, his motion

Page 1

would be construed under 28 U.S.C. § 2255, and the Court permitted him to refile it on the standard form. Rodriguez then filed this § 2255 motion. He claims only that the reasoning of *Johnson* should be extended to invalidate his firearm conviction under § 924(c). The government–in response to the Court's show cause order–has moved to dismiss Rodriguez's § 2255 motion as time-barred. (ECF No. 9). Rodriguez responds that his motion was timely-filed within one year of *Johnson*.

## II. Discussion

Rodriguez's § 2255 motion is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

Here, the limitations period began to run when Rodriguez's judgment became final. *See*

28 U.S.C. § 2255(f)(1). His judgment became final on December 10, 2008, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Rodriguez's statute of limitations expired in December 2009. His § 2255 motion, filed in May 2016, is untimely.

Moreover, the government is correct that § 2255(f)(3) does not apply here. Under that section, AEDPA's one year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, Rodriguez claims to be asserting a right under the Supreme Court's decision in *Johnson*, but *Johnson* did not establish the right that he seeks to assert. *Johnson* held that the Armed Career Criminal Act's residual clause was unconstitutionally vague. 135 S. Ct. At 2563. And, because "*Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

But Rodriguez was not convicted under the Armed Career Criminal Act, and that is not the statute that he seeks to challenge. Instead, he seeks to extend the right announced in *Johnson* to his conviction for possessing a firearm in relation to a drug trafficking crime, in violation of § 924(c). However, *Johnson* casts no doubt on 18 U.S.C. § 924(c)(2)'s definition of a "drug trafficking crime." Section 924(c)(2) sets forth the specific felonies that constitute a drug

trafficking crime; it does not contain a residual clause like 924(c)(3)(B)'s definition of a "crime of violence," or like the residual clause that was at issue in *Johnson*. *See United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) ("drug trafficking crimes qualify as predicate offenses for purposes of § 924(c)'s enhanced penalty without reference to the risk of force definition"); *see also McKay v. United States*, No. 16-15377-D, 2017 WL 3597200, at *2 (11th Cir. Apr. 17, 2017) (holding that a conviction for carrying a firearm in relation to a drug-trafficking crime in violation of § 924(c) "does not raise any residual clause issues regarding § 924(c)'s crime-of-violence definition."). Because *Johnson* did not create the right that Rodriguez seeks to assert here, § 2255(f)(3) does not apply. *See United States v. Bates*, No. 4:11-cr-00032, 2017 WL 123010, at * 2 (W.D. Va. Jan. 12, 2017) (rejecting the movant's argument that § 2255(f)(3) applied to a claim that *Johnson* applied to a conviction for possessing a firearm during a drug-trafficking offense in violation of § 924(c)). Accordingly, Rodriguez's § 2255 motion is untimely.

Nor can Rodriguez benefit from equitable tolling, which applies only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (noting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Rodriguez bears the burden of proof to show he is entitled to equitable

Page 4

tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He has not alleged that he was actively misled about his habeas remedies or that he has been prevented in some extraordinary way from asserting his rights, and thus he has not carried his burden. Accordingly, his § 2255 motion should be dismissed as time-barred.

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as time-barred.

Signed this __ day of _____, 2017.

PAUL D. STICKNEY

UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND

### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).